UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

TANDY BROWN-ROGERS,                    )
                                       )
        *Plaintiff*,                    )        No. 1:06-cv-188
v.                                     )        *Chief Judge Curtis L. Collier*
                                       )
BRADLEY COUNTY JAIL MEDICAL            )
DEPARTMENT,[1]                         )
                                       )
        *Defendants*.                   )

## **MEMORANDUM**

This suit arises under 42 U.S.C. § 1983. Plaintiff Tandy Brown-Rogers ("Plaintiff") alleges

the defendant was deliberately indifferent to her serious medical needs and defendant's failure to

treat her medical condition violated her rights under the Eighth and Fourteenth Amendments of the

United States Constitution.

For the reasons discussed below, the plaintiff's complaint will be **DISMISSED** (Court file

No. 3).

## I.      **Application to Proceed In Forma Pauperis**

It appears from the application to proceed in forma pauperis submitted by Plaintiff, that she

lacks sufficient financial resources at the present time to pay the required filing fee of $350.00.

Plaintiff is not relieved of the ultimate responsibility of paying the $350.00 filing fee. Since Plaintiff

is in custody at the Tennessee Prison for Women ("TPW"), in Nashville, Tennessee she is

**ASSESSED** the civil filing fee of $350.00 under the Prisoner Litigation Reform Act, Pub. L.

104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915. Plaintiff shall pay the full filing fee

---

[1]      Plaintiff identified the defendant as the Bradley County Jail Medical Department. The Court record erroneously identifies the defendant as the Tennessee Prison for Women. The Clerk is **DIRECTED** to correct the identity of the defendant in the court record.

of three-hundred and fifty dollars ($350.00) pursuant to the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321 (1996), codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Plaintiff's inmate trust account at the institution where she now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

(a)     twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or

(b)     twenty percent (20%) of the average monthly balance in Plaintiff's inmate
trust          account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk.  28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden of TPW, in Nashville, Tennessee; the Custodian of Records at TPW; the Commissioner of the Tennessee Department of Correction; and the Attorney General for the State of Tennessee to ensure the custodian of Plaintiff's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the Plaintiff shall collect the filing fee as funds become available.  This order shall become a part of the inmate's file and follow the inmate if she is

transferred to another institution.  The agency having custody of Plaintiff shall continue to collect

monthly payments from Plaintiff's prisoner account until the entire filing fee of $350.00 is paid.

Plaintiff **SHALL** provide the prison officials at any new institution with a copy of this order. Failure of the plaintiff to notify the new prison officials of this order and outstanding debt, will result in the imposition of appropriate sanctions against plaintiff without any additional notice or hearing by the Court.

## II.     Standard of Review

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States*, 508 U.S. 106, 113 (1993); *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt the plaintiff from the requirement that he comply with relevant rules of procedural and substantive law. *Hulsey v. State of Texas*, 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the Federal Rules of Civil Procedure which provides a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." *LRL Properties v. Portage Metro Housing Authority*, 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties*, 55 F.3d at 1103-04; *Allard v. Weitzman* (*In re DeLorean Motor Co.*), 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools*, 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon

3

which it rests. *Lillard*, 76 F.3d at 726; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory.'" *Lillard*, 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. § 1915A and § 1915(e). Furthermore, 28 U.S.C. § 1915(e)(2) provides the Court must dismiss a case at any time if the Court determines it is frivolous or fails to state a claim upon which relief can be granted.

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet §1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)(2). *See In re Tyler*, 110 F.3d [528], 529-30 [(8th Cir. 1997)]. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not

> prevent a district court from making the fee assessment and conducting the screening

4

process in the same opinion or order.

*McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

### III.    Facts

Plaintiff was first incarcerated at Bradley County Jail on September 10, 2005. She remained there until she was transferred to the Tennessee Prison for Women. Plaintiff submits the following claim:

> When entering the Bradley County Jail on 9-10-05 I let officials know that I was having a bad discharge. It was not until I started having sever abdominal pains that they took me to the Bradley County Health Department. It took over 2 ½ months of complaining for them to take me there. The Health Department gave me a papsmear and then put me on some antibotics. I only got them whenever they decided to give them to me. However it was not the medication the health department gave me. I asked every other day until I was moved to TPW to get my test results but they kept saying that the results were not in. When I came to TPW I was given another papsmear. The results came back and I had an Inflamotary Disease plus trichomonious, I was then finally put on proper medication.

### IV.    Analysis

#### A.      42 U.S.C. § 1983

To state a viable § 1983 claim, a plaintiff must allege: (1) the deprivation of a right, privilege, or immunity secured by the Constitution or laws of the United States; and (2) the deprivation was caused by a person while acting under color of state law. *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 155-156 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Although the Federal Rules of Civil Procedure do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993). To state a § 1983 claim, Plaintiff must allege sufficient facts that,

if true, would establish the defendant deprived her of a right secured by the Constitution of the United States while acting under color of law. *See Brock*, 94 F.3d at 244.

### B.    Municipal Liability

Plaintiff named the Bradley County Jail Medical Department as the defendant; plaintiff cannot, however, simply name a medical department as a defendant but rather must name individual persons as defendants. *See Sullivan v. Hamilton County Jail Staff*, 2006 WL 1582418, * 3 n. 1 (E.D. Tenn. June 5, 2006) (noting the jail's medical staff is a subdivision of the sheriff's department and not a legal entity subject to being sued) (*citing Fischer v. Cahill*, 474 F.2d 991, 992 (3rd Cir.1973) state prison medical department not a "person" under § 1983)).

Therefore, Plaintiff has failed to name a proper defendant in this action and pursuant to the Prison Litigation Reform Act, courts no longer have discretion to allow a plaintiff to amend his or her complaint to avoid dismissal. *See McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997) ("Under § 1915(e)(2), a court is required to dismiss a case when the action satisfies § 1915(e)(2)(A) or § 1915(e)(2)(B). Under the Prison Litigation Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal. If a complaint falls within the requirements of § 1915(e)(2) when filed, the district court should sua sponte dismiss the complaint. Section 1915A also provides for such sua sponte dismissals.")

Accordingly, this action is **DISMISSED WITHOUT PREJUDICE** for failure to state a claim upon which relief can be granted under § 1983.  Even if the Court were to construe the complaint as being against Bradley County, Plaintiff would still not be entitled to § 1983 relief.

As the Bradley County Jail Medical Department is not an entity subject to suit, the Court will

6

assume the claims against the medical department are brought against Bradley County Sheriff's Department which translates to Bradley County as the real party in interest. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994), (Advising that since the county police department is not an entity which may be sued, the county is the proper party). When a § 1983 claim is made against a municipality, the Court must analyze two distinct issues: (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120 (1992). As to the first issue, the Court will assume, although it does not find, Plaintiff has sufficiently demonstrated her claim constitutes deliberate indifference to a serious medical need in violation of the Eighth Amendment.

As to the second issue, Plaintiff must "identify a municipal 'policy' or 'custom' that caused the plaintiff's injury." *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997). "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Id*. at 403-04. "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by an appropriate decisionmaker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id*. at 404. "Beyond having to identify 'conduct properly attributable to the municipality itself,'" *Cherrington v. Skeeter*, 344 F.3d 631, 645 (6th Cir.2003) (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404), a plaintiff "must also demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Cherrington*, 344 F.3d

at 645 (quoting *Bd. of County Comm'rs of Bryan County*, 520 U.S. at 404) (internal quotation marks omitted).

Therefore, in order to prevail, plaintiff must demonstrate the alleged violation of her constitutional rights resulted from acts representing official policy or custom adopted by Bradley County. *Monell v. Dept. of Social Services of the City of New York*, 436 U.S. 658, 690-91 (1978); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989), *cert. denied,* 495 U.S. 932 (1990). Plaintiff must identify the policy, connect the policy to the county itself, and show the particular injury was incurred because of the execution of that policy; all of which Plaintiff has failed to do. *See Garner v. Memphis Police Dept.* 8 F.3d 358, 363-64 (6th Cir. 1993), *cert. denied*, 510 U.S. 1177 (1994) (citation omitted).

Plaintiff does not claim the alleged violation of her rights resulted from any policy or custom on the part of Bradley County. Moreover, plaintiff does not name any County employee or make a factually supported claim that any identified person actually committed any unconstitutional act. The Court does not find anything in the record establishing Bradley County has a policy or custom to deprive Plaintiff of medical treatment for her medical needs. Plaintiff has neither alleged nor submitted any proof that Bradley County had a policy to deprive inmates of medical treatment. The record reflects Plaintiff did receive medical treatment, though not of the specific type or as immediate as she may have wanted. Because she has failed to provide any facts demonstrating a policy to deprive inmates of medical treatment, Plaintiff has failed to meet her

burden of demonstrating liability on the part of Bradley County.   Accordingly, defendant Bradley

County is entitled to judgment as a matter of law.

Accordingly, a judgment will enter **DISMISSING** Plaintiff's complaint in its entirety.


**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**